Keil v. Evans.

---

No. 20,420.

WILLIAM KEIL, a Minor, etc., *Appellee,* v. C. M. EVANS, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Contributory Negligence Not Pleaded — Amendment to Answer Denied—Requested Instruction Refused—Judicial Discretion.* The refusal of the court to instruct the jury upon a ground of contributory negligence not pleaded in the answer of the defendant, and which was only incidentally brought out on the cross-examination of the plaintiff and not specifically brought to the attention of the court until the instruction was requested, and also the refusal of the defendant's application to amend the answer so as to set forth the new issue, can not be regarded as an abuse of discretion on the part of the trial court.

2. ———— *Findings of Jury—Supported by Evidence.* The evidence herein is deemed to be sufficient to support the findings of the jury that the injury sustained by the plaintiff when the bicycle he was riding collided with the defendant's automobile at the intersection of two streets was due to the negligence of the defendant and not to the contributory negligence of the plaintiff.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed December 9, 1916. Affirmed.

18—99 KAN.

*Chester I. Long, Austin M. Cowan,* and *James G. Martin,* all of Wichita, for the appellant.

*P. D. Gardiner, Tom Elcock,* and *H. C. Castor,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by William Keil, a minor, against C. M. Evans to recover damages for personal injuries.

The plaintiff, while riding his bicycle, was injured in a collision with defendant's automobile at the intersection of Murdock avenue and North Main street in the city of Wichita. Just before the accident plaintiff and defendant were each approaching the intersection—the plaintiff from the north on Main street and the defendant from the east on Murdock avenue. Along the center of North Main street are two street-car tracks about five feet apart. As the plaintiff was about to cross Murdock avenue his view eastward was obstructed by a street car on his left, which had stopped at the north side of Murdock avenue, and on account of passengers boarding the car he passed close to the west curb of North Main street. He was traveling at the rate of six miles per hour, and had reached a place about ten feet from the north line of Murdock avenue and fifteen or twenty feet west of the tracks when he first saw the defendant's automobile, which had then reached a point just east of the car tracks and a little north of the center of Murdock avenue. As the defendant approached Main street he slackened his speed somewhat and, observing that the street car was standing still, he passed in front of it in a slightly curved course, first southwesterly, then northwesterly, traveling at the rate of twelve miles per hour. Plaintiff tried to stop his bicycle when he saw the approaching automobile, but the brake did not work well, and, although he undertook to clear the defendant's automobile, which was then a few feet away, he was unable to turn far enough to avoid striking it. The collision occurred just after the defendant passed over the west track, and as a result the plaintiff was thrown to the pavement, receiving an injury to his skull. Each party alleged violations by the other of certain traffic regulations of the city of Wichita. The particular acts of

negligence charged against the defendant were that he drove in a negligent, reckless manner, at an unlawful rate of speed, without sounding a horn or giving warning of any kind. The answer of the defendant denied negligence, and charged that plaintiff was lacking in care in riding his bicycle too near to the street car, and that if he had been following the traffic rules he would have been in a position to have seen the automobile in time to have avoided the collision, and further, that he had failed to keep a lookout for vehicles as ordinary prudence required. The jury returned a general verdict awarding plaintiff damages in the sum of $500, and also special findings to the effect that the defendant was negligent in running at an excessive rate of speed, namely, twelve miles per hour, and in not giving sufficient warning of his approach. On the question of care exercised by the plaintiff, the jury found that he saw the automobile when it was from twenty-five to thirty feet distant, that he was riding at the rate of six miles per hour, and that after observing the automobile he slackened his speed, tried to stop his bicycle, and turned to the left in an attempt to avoid a collision.

Complaint is made of the refusal of the court to give an instruction as to the negligence of plaintiff in riding a bicycle when the coaster brake on it was out of repair. It is not contended that the plaintiff was required to have his bicycle equipped with the latest and best appliances, but it is insisted that the coaster brake being defective prevented the plaintiff from back-pedaling and left him no way of stopping the bicycle unless the rider put his feet on the ground, and the plaintiff being a small boy could not reach the ground. An instruction on this subject was requested after the evidence had been closed, and it was refused by the court because the defendant had not pleaded the use of the defective brake as a ground of contributory negligence. He had alleged specific acts of negligence by the plaintiff, but no mention was made of using the bicycle with the defective brake. It appears that in the cross-examination of plaintiff he was asked if he had a coaster brake on his bicycle, and he replied that he had one but that it was not working well, and had been in poor condition for two months, and also that he had been aware of its condition. The instruction asked was objectionable in that it stated that if plaintiff was riding his bicycle with a defective

coaster brake and that the bicycle was not under control by reason of the defect the plaintiff was guilty of contributory negligence. It left out of consideration the age of the boy, his knowledge of the condition of the brake and the excitement or fear that might have been produced by the peril in which he was suddenly placed. One who acts in an emergency or in the face of imminent danger when there is little chance for deliberation is not held to the exercise of the utmost caution nor to the strict accountability required under more favorable circumstances. It is enough if he acts in good faith as a person of ordinary prudence would do under like circumstances. (*McCallion v. Railway Co.*, 74 Kan. 785, 88 Pac. 50.) However, as the issue was not raised by the pleadings, the defendant was not entitled to have the issue submitted to the jury. Upon the refusal of the instruction application was made by the defendant to amend his answer so as to allege the use of the bicycle with a defective coaster brake as a ground of contributory negligence. It can hardly be said that the parties tried the case as if that issue was submitted for determination. The testimony, as we have seen, only came out incidentally on the cross-examination of the plaintiff, and the matter was not brought to the attention of the court until the request for an instruction on the subject had been refused. The introduction of a new issue at that stage of the proceedings and under the circumstances stated was a matter for the discretion of the court, and it is reasonably clear that the refusal can not be regarded as an abuse of discretion. It may be said, in this connection, that the court did give a general instruction to the effect that if plaintiff was guilty of negligence contributing to his injury he could not recover even if the negligence of the defendant was well established.

Complaint is made of instructions 13, 20 and 22, which referred to the rule that one placed in a dangerous position through the negligence of another without time to deliberate as to the safest course to pursue in order to avoid danger to himself, is not held to the strict accountability required of one situated in more favorable circumstances, and that his action is not defeated if he does not adopt the most prudent course. It is said that the instruction as framed relieved the plaintiff from the duty to use ordinary care to extricate himself from the impending danger. The instructions taken

together, however, make it clear that defendant and the jury must have understood that the plaintiff was held to the exercise of ordinary care under the circumstances, and that if he failed in that respect no recovery could be had. The language of the instructions criticised could not, we think, have misled the jury.

No substantial error is found in any part of the instructions, and we find no difficulty in holding that the evidence was sufficient to support the findings and verdict of the jury.

The judgment is affirmed.