**NAUTS, Collector of Internal Revenue, v. CLYMER.**

Circuit Court of Appeals, Sixth Circuit.
November 13, 1929.

No. 5267.

T. H. Lewis, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M.

Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and Harry G. Levy, Asst. U. S. Atty., of Toledo, Ohio, on the brief), for appellant.

J. S. Brumback, of Toledo, Ohio (Conn, Hoke & Wright, of Van Wert, Ohio, Ritter & Brumback, of Toledo, Ohio, and Clem V. Hoke, of Van Wert, Ohio, on the brief), for appellee.

Robert H. Winn, of Mt. Sterling, Ky., amicus curiæ.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. On March 15, 1920, George H. Marsh filed his income tax return for 1919, and paid the tax shown therein to be due. He claimed and took credit in his return for a loss on the sale of certain stocks. In August of 1920 he died, and L. C. Morgan, H. L. Cohn, and O. W. Kearns were appointed the executors of his will. In February of 1922 the executors, having completed the administration of the estate, were discharged by order of the court which appointed them. Among the bequests which Marsh made in his will was one to his daughter, the appellee, of $300,000. On December 10, 1924, about 3 years after the executors were discharged, the Commissioner of Internal Revenue mailed a letter to "L. C. Morgan, Executor of the Estate of George Marsh, Van Wert, Ohio," notifying him of a deficiency in the tax return for 1919, and proposing an additional assessment, unless an appeal was taken to the United States Board of Tax Appeals within 60 days. Morgan received the letter, but took no action upon it. On April 3, 1925, a deficiency assessment was made against "George H. Marsh, deceased, L. C. Morgan, Executor, Van Wert, Ohio." This tax was not paid. On November 6, 1926, it was assessed against the appellee under section 280 of the Act of February 26, 1926 (26 USCA § 1069). The appellee paid the tax under protest, and filed claim for a refund, which was rejected, and thereupon brought this action to recover the amount paid.

We assume, without deciding, that section 280 of the Act of February 26, 1926 (chapter 27, 44 Stat. 9), is valid, and that section 277 of the Act of June 2, 1924 (26 USCA § 1057 note), was applicable, that is, as to the latter, that limitation as to a deficiency assessment of 1919 taxes might have been extended 60 days beyond the general 5-year period by the mailing of notice of such deficiency "to the taxpayer" as provided by subdivision (a)

of section 274 (26 USCA §-1048 note). (But see Russell, etc., v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255.) We also assume that notice "to the taxpayer" as required by subdivision (b) of section 277 might reasonably be construed to include notice to an acting executor holding assets of the estate. And yet in our opinion limitation expired before the assessment of April 3, 1925.

The statute does not undertake to perpetuate an administrator or executor for the purpose of receiving notice. It requires that the notice be mailed "to the taxpayer"; and, while the term "taxpayer" might mean an acting executor holding assets of the estate, and liable to that extent for the tax, we see no reason why it should be construed to include one of three executors who have distributed the estate and have been discharged. The contention that, unless the statute can be so construed, taxes could not be collected, is without merit. The government has a full 5 years in which to make an assessment against an estate, and, upon the assumption mentioned, if there is an acting executor holding assets of the estate, it may extend the time 60 days by giving the requisite notice. Furthermore, subdivision (a) of section 277 provides for a general limitation, and subdivision (b) is in the nature of an exception to this general limitation. It is generally held that strict performance of the conditions of such an exception is necessary to make it effective. In our opinion, there was no such performance of the condition here involved. The result is that limitation had expired when the assessment of April 3; 1925, was made, and, even if section 280 of the act of 1926 is valid, limitation had run on the assessment against appellee.

The judgment is affirmed.