## LIBERMAN'S COMMITTEE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10.

Circuit Court of Appeals, Second Circuit.
Dec. 14, 1931.

528

For the findings of fact and opinion of the Board, see 20 B. T. A. 313.

Olvany, Eisner & Donnelly, of New York City (Mark Eisner and Ferdinand Tannenbaum, both of New York City, of counsel), for petitioner.

· G. A. Youngquist, Asst. Atty. Gen. (Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Eugene Harpole and Edwin M. Niess, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The deficiencies in question resulted from computation of the taxpayer's net income for the taxable periods in question without allowing any deduction on account of a "net loss" claimed to have been sustained by the taxpayer for the year 1923 under section 204 of the Revenue Act of 1921 (42 Stat. 231), and to be deductible under the provisions of section 206 of the Revenue Act of 1924 (43 Stat. 260 [26 USCA § 937 and note]). The Board of Tax Appeals upheld the Commissioner's determination that no such net loss had been sustained. Whether this decision was right we need not say, because of the conclusion reached upon a preliminary question of jurisdiction. This question is whether the Board had power to make its order redetermining a deficiency against an incompetent after his death and upon a petition filed by his former committee.

In 1917 the Supreme Court of the state of New York appointed a committee of the estate of Julius Liberman, an incompetent, as it had jurisdiction to do. Sections 1356, 1358, New York Civil Practice Act. On July 3, 1925, the incompetent died. Thereupon, under the state law, the committee's power ceased, except for the purpose of making a final accounting to the court. Section 1383, New York Civil Practice Act reads in part as follows:

"Where a person, of whose property a committee has been appointed, as prescribed in this article, dies during his incompetency, the power of the committee ceases; and the property of the decedent must be administered and disposed of as if a committee had not been appointed. The committee, in such case, may render to the court by which he was appointed a final account of his proceedings touching the property of the incompetent. * * * *"

On February 28, 1927, the Commissioner mailed a notice of deficiencies in taxes for the year 1924 and the period from January 1 to July 3, 1925, addressed to "Committee of the Estate of Julius Lieberman (Incompetent), 149 Broadway, New York, N. Y." The committee, though functus officio, then petitioned the Board of Tax Appeals to redetermine the deficiencies set forth in the Commissioner's letter. The committee now contends that the Board was without jurisdiction.

■ This contention must be sustained. Section 274 of the Revenue Act of 1924 (43 Stat. 297 [26 USCA § 1048 note et seq.]), under which the taxes accrued, provides for notice to "the taxpayer" of a deficiency determined by the Commissioner, and permits

"the taxpayer" to file a petition with the Board of Tax Appeals for a redetermination of the deficiency. There is no provision in the 1924 act making the committee of an incompetent the taxpayer. The incompetent remains the taxpayer, although the committee is obliged to make a return for him. So the Board held, relying upon section 223 (43 Stat. 280, 26 USCA § 964 (c), which provides:

"(c) If the taxpayer .is unable to make his own return, the return shall be made by. a duly authorized agent or by the guardian or other person charged with the care of the person or property of such taxpayer."

The respondent's argument substantially concedes that, under the 1924 act, a committee functus officio by the local law would have no right to apply to the Board for a redetermination of a deficiency assessed against the incompetent. But the Revenue Act of 1926 is relied upon as conferring such right upon the petitioner.

Section 283 (44 Stat. 63 [26 USCA § 1064]) authorizes the Commissioner to assess any tax accruing under earlier revenue acts and to send by registered mail to "the person liable for such tax" notice of the amount proposed to be assessed. And section 281 (44 Stat. 62 [26 USCA § 1070]) reads as follows:

"Sec. 281 (a) Upon notice to the commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title or by prior income, excess-profits, or war-profits tax Act (except as otherwise . specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated. ⁕ ⁕ ⁕

"(c) Notice under subdivision (a) or (b) shall be given in accordance with regulations prescribed by the commissioner with the approval of the Secretary.

"(d) In the absence of any notice to the commissioner under subdivision (a) or (b), notice under this chapter of a deficiency or other liability, if mailed to the taxpayer or other person subject to liability at his last known address, shall be sufficient for the purposes of this chapter even if such taxpayer or other person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."

Treasury Regulations No. 69 provides:

"Art. 1292. ⁕ ⁕ ⁕ When the fiduciary capacity has terminated, the fiduciary in order to be relieved of any further duty or liability as such, must file with the Commissioner written notice that the fiduciary capacity has terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity. The notice of termination should state the name and address of the person, if any who has been substituted as fiduciary."

The Commissioner contends that under section 281 and the regulations he was entitled to mail the deficiency letter of February 28, 1927, to the incompetent's committee, because the record does not disclose that any written notice of the termination of the committee's fiduciary capacity had previously been filed with him; and consequently the committee assumed "the powers, rights, duties, and privileges of the taxpayer." Two answers may be made to this contention: . First, it may be observed that the Commissioner must have known, when he determined the deficiency, of the incompetent's death on July 3, 1925 (as may be inferred from his assessment of a tax for the period ending on that date), and therefore, being charged with knowledge of the local law, he must be held to have known that the committee's authority had ceased. Secondly, and this seems to us a conclusive answer to the contention, section 281 (a), 26 USCA § 1070 (a), speaks prospectively from the date of its enactment, February 26, 1926 (see section 286 [26 USCA § 931 note]), and relates only to actual fiduciaries who thereafter give notice to the Commissioner that they are acting as such. It cannot be supposed that the statute intended that an unauthorized volunteer who gave notice that he was a fiduciary could thereby assume the powers, rights, and privileges of the taxpayer so as to bind him or his executor in respect to a tax which is to be collected from his estate. Consequently, even if it be assumed that the defunct committee gave notice after February 26, 1926, that they were acting as fiduciaries of the incompetent's estate, such notice would not make section 281 (a) applicable. Moreover, such an assumption would not be justified on the record, which is entirely silent as to when or by whom the returns for 1924 and the fractional portion of 1925 were filed. The 1924 return may be presumed to have been filed in March, 1925, when it was due, and by the committee, which then had authority to

act; but this was before section 281 was enacted. Concededly the 1925 return, filed after the incompetent's death, should have been filed by his executor or administrator. Neither the date of its filing nor by whom it was filed appears.

Whether the deficiency letter may be deemed a valid notice to the taxpayer (the incompetent) at his last-known address, within section 281 (d), 26 USCA § 1070 (d), we need not consider. If it was, the executor or administrator should have petitioned for review. The committee's powers as fiduciaries had ceased by local law, and, not being within section 281 (a), they had no right to apply to the Board. Hence the Board was without jurisdiction to redetermine the deficiencies in question, and the petition should have been dismissed. See Matern v. Commissioner, 21 B. T. A. 384; Voltz v. Commissioner, 16 B. T. A. 167; Van Cleave Trust v. Commissioner, 18 B. T. A. 486; Appeal of A. H. Stange, 1 B. T. A. 810; Bond, Inc. v. Commissioner, 12 B. T. A. 339; S. Hirsch Distilling Co. v. Commissioner, 14 B. T. A. 1073; Sanborn Bros. v. Commissioner, 14 B. T. A. 1059; J. F. McKean v. Commissioner, 15 B. T. A. 795. Cf. Nauts v. Clymer, 36 F.(2d) 207 (C. C. A. 6). Had it appeared that the same persons who were formerly the committee had been appointed executors or administrators of the incompetent's estate, we might be able to reach a different result. Cf. Burnet v. San Joaquin Fruit & Inv. Co., 52 F.(2d) 123 (C. C. A. 9). But the record is silent, and we mention the point merely by way of caution.

Section 1001 (44 Stat. 109 [26 USCA § 1224 and note]) gives this court jurisdiction for appellate review upon the petition of the Commissioner or the taxpayer. Although we hold that a correct application of section 281 to the facts did not give the petitioners the powers, rights, and privileges of a taxpayer, nevertheless, since the Board has assumed to consider the petitioners as subject to its jurisdiction, we think they may be deemed the taxpayer for purposes of appeal to this court. Otherwise the erroneous order could not be reviewed. Cf. Phillips v. Commissioner (C. C. A.) 42 F.(2d) 177, 179, affirmed 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; City of New York v. Consol. Gas Co., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870.

Order reversed, and cause remanded, with directions to dismiss the petition for want of jurisdiction.