## COMMISSIONER OF INTERNAL REVENUE v. HULBURD et al.*

### No. 5085.

Circuit Court of Appeals, Seventh Circuit.
Jan. 11, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for petitioner.

Henry A. Gardner, Alfred T. Carton, and John E. Hughes, all of Chicago, Ill. (Gardner, Carton & Douglas, of Chicago, Ill., of counsel), for respondent.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

EVANS, Circuit Judge.

Charles H. Hulburd died January 14, 1924. DeForest, his son, and one Johnston, his son-in-law, since deceased, were executors of his will, to whom letters testamentary were issued by the Probate Court of Cook County on February 20, 1924.

*Rehearing denied April 15, 1935. Writ of certiorari granted 55 S. Ct. 922, 79 L. Ed. ——.

The decedent was a stockholder in the Van Sicklen Company. This company was dissolved in September, 1919, and most of its assets were transferred to the Van Sicklen Speedometer Company. The transfer was made without the Van Sicklen Company's paying all the income tax due the Government. On November 17, 1924, the Commissioner assessed additional income taxes for the fiscal year ending September 30, 1919. The amount of such taxes was $227,872.06 and the penalty, $113,936.03.

On this date the taxpayer had been long since dissolved, and its successor was unable to pay the tax. Payment was therefore sought of the various stockholders who had received part of the assets of the Van Sicklen Company in cash. As a stockholder decedent received $8,000 in cash and stock in the new corporation on or about August 9, 1919. The present controversy revolves about the $8,000 cash payment which decedent received.

The Commissioner has attempted to fasten liability upon DeForest Hulburd either as executor of, or legatee named in the will of Charles H. Hulburd, deceased. He relies upon sections 280 and 281 of the Revenue Act of 1926 (26 USCA § 1069 and note and § 1070), which provide a liability on the part of a transferee of property of income taxpayers who have failed to pay their income taxes.

Sections 280 and 281, Revenue Act of 1926, are set forth in the margin.[1]

The executors distributed the assets of the estate in accordance with the terms of the will. They filed their final account, which was approved by the Probate Court, and they were discharged on February 26, 1925.

On April 16, 1924, respondents wrote a letter [2] to the Commissioner requesting that all income taxes due from decedent be assessed within a year. The Commissioner re-

---

[1] "Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter or by any prior income, excess-profits, or War-Profits Tax Act. * * *

"(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

"(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

"(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act [February 26, 1926] but assessment against the taxpayer was made within such period—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act [February 26, 1926]. * * *

"(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for as-

sessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

"(d) The running of the period of limitation upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the notice under subdivision (a) of section 274 [section 1048] to the transferee or fiduciary, be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary, and for 60 days thereafter. * * *

"(f) As used in this section, the term 'transferee' includes heir, legatee, devisee, and distributee." 26 USCA § 1069 and note.

"Sec. 281. * * * (c) Notice under subdivision (a) or (b) shall be given in accordance with regulations prescribed by the commissioner with the approval of the Secretary.

"(d) In the absence of any notice to the commissioner under subdivision (a) or (b), notice under this chapter of a deficiency or other liability, if mailed to the taxpayer or other person subject to liability at his last known address, shall be sufficient for the purposes of this chapter even if such taxpayer or other person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." 26 USCA § 1070.

[2] April 16, 1924.
Commissioner of Internal Revenue, Washington, D. C.
Dear Sir: Pursuant to your letter of April 14, 1924, to our attorneys, Messrs. Gardner and Carton, 76 West Monroe

plied,[3] April 20, 1925, stating that there was no tax due for certain years and that deficiencies were assessed for other years. The deficiencies thus determined were paid.

The Commissioner, on October 27, 1926, sent a deficiency notice addressed to the estate of Charles H. Hulburd which was as follows:

"Sirs: As provided by section 280 of the Revenue Act of 1926, there is proposed for assessment against the estate the sum of $24,000.00 constituting its liability as a transferee of the assets of the Van Sicklen Company, Elgin, Illinois, representing unpaid income and profits taxes assessed against the company for the fiscal year ended September 30, 1919, in accordance with the attached statement, plus any penalty and accrued interest."

Upon a showing that $16,000 of the $24,-000 received by Charles H. Hulburd from the Van Sicklen Company was intended for and went to others, the Commissioner reduced his claim to $8,000.

The Board of Tax Appeals held the estate was not liable for such tax in as much as the estate was closed before the notice of deficiency was received and that a non-existent transferee could not be held liable for unpaid income taxes due from a transferor. The Board also held that the liability sought to be imposed upon the estate was that of a transferee and not that of a representative of a transferee and, in as much as the Van Sicklen Company made no transfer to the estate itself, or of moneys paid to the decedent which could be traced to the estate, there was no liability on the part of the estate for this tax. The Commissioner did not raise, and the Board did not pass upon, the question of liability of a legatee or beneficiary as a statutory transferee.

The Board rendered a separate opinion wherein it held the Commissioner's claim was not barred by any statute of limitations.

The liability here sought to be imposed, while closely associated with, must be distinguished from a liability for income tax. That there is a difference between the two is apparent from the fact that, in the absence of statute, it would be impossible to levy an income tax directly upon one who received property from a taxpayer who had not paid his income tax, in an amount equal to the sum he received from the defaulting taxpayer.

The Commissioner's right, under the statute existing at the time, to levy the added deficiency tax against the Van Sicklen Company on the seventeenth day of November, 1924, is unchallenged. When Van Sicklen Company failed to pay its income tax, decedent Hulburd became liable (to the extent of the $8,000) to the timely assessment of an $8,000 tax as a transferee. Concerning this assumption, we think there is, or at least should be, no legitimate controversy. True, there could also have been assessed a tax against the Van Sicklen Speedometer Company. But the right to assess one tax did not exclude the right to levy upon another.

Had Charles H. Hulburd not died he would therefore have been subject to the assessment of an $8,000 tax as a transferee of the defaulting income taxpayer, Van Sicklen Company. Such a liability would, of

Street, Chicago, the undersigned, DeForest Hulburd and Hugh McBirney Johnston, as executors of the will of Charles H. Hulburd, deceased, hereby request that all taxes due on account of income received during the lifetime of said Charles H. Hulburd, deceased, who died January 14, 1924, be determined and assessed within one year, in accordance with the provisions of Section 250 (d) of the Revenue Act of 1921. A certified copy of our letters testamentary is enclosed herewith.
Yours Respectfully,
[Signed]  DeForest Hulburd,
[Signed]  Hugh McBirney Johnston.
3 Treasury Department
Washington.
April 20, 1925.
Mr. DeForest Hulburd and Mr. Hugh McBirney Johnston, Executors, Estate of Charles H. Hulburd, * * * Chicago.

Sirs: Reference is made to your letter dated April 16, 1924, in which you requested that this office determine and assess all taxes due on the income received by the above-named decedent during his lifetime in accordance with the provisions of Section 250 (d) of the Revenue Act of 1921.

In reply you are advised that an examination of the returns filed by Charles H. Hulburd for the years 1919 to 1921 inclusive discloses no further adjustments necessary for these years. * * *

Since the Revenue Act of 1924 is now in effect, the case has been closed under Section 277 (a) (3) of that Act.
Respectfully,
J. G. Bright,
Deputy Commissioner,
By [Signed] A. Lewis,
Head of Division.

course, be subject to all the legal defenses available to any taxpayer such as the bar of the statute of limitations, as well as the defense that proper preliminary steps were not taken by the Commissioner. Whether it might also be barred by estoppel, we need not decide.

We think it also clear that deceased's liability survived his death, and his liability became the liability of his executors for the amount of the Commissioner's claim against deceased.

Respondents seek to avoid the tax assessment because: (1) The estate had been administered and the executors discharged after they had made the written request of the Commissioner as above described before any action was taken by Commissioner to assess the tax upon the transferee. (2) The Commissioner's claim was barred by the statute of limitations when the tax was assessed. (3) Neither respondent is liable as executor of the estate of Charles H. Hulburd or as a legatee named in his will.

As we view the case there are three questions, the answers to which determine liability. (a) Was the tax against the legatee barred by the statute of limitations or the action of the Commissioner before the tax was assessed or by the discharge of the executors and the distribution of the assets of the Charles H. Hulburd estate? (b) May a tax assessed against a transferee levied within the time fixed by statute be enforced (1) against the legatee of said transferee in case the transferee died, or (2) against the executor of the will of said transferee in case the transferee died before the act authorizing the assessment of a tax against a transferee was passed? (c) If question (b) be answered in the affirmative, was the tax in this case properly and timely levied?

The petitioner failed to show identity of funds or other facts which would permit him to follow the $8,000 into the hands of the executors as a fund impressed with a trust. He does not and can not, therefore, base his right to assess the tax on any trust fund theory other than that created and defined by the statute.

■ Although respondents won before the Board of Tax Appeals on other grounds, their first and chief contention in this court is that the Commissioner's claim was barred by statute when the tax in question was assessed. We agree with them that an adverse decision by the Board of Tax Appeals does not prevent their raising this same question

here. Generally speaking, it is their contention that, because the executors in writing requested the Commissioner to determine all the income tax due against the decedent, within one year, and the Commissioner acted, this notice and this action by the Commissioner barred him from making further tax assessments. In other words, section 250 (d), Revenue Act 1921, 42 Stat. 264, which gives to the executors or administrators of an estate the right to demand the determination of all income taxes against the estate within one year, is a short statute of limitations which bars further action by the Commissioner.

■ We fail to find anything in the letters that passed between the executors and the Commissioner which would prevent the latter from assessing the tax in question. Both referred to the *income* tax of decedent. Neither mentioned the assessment of a tax against the deceased as transferee.

■ That section 250 (d) is limited to income tax and does not apply to taxes assessed against transferees is manifest from the first sentence of said section, "the amount of income * * * taxes due under any return made under this Act. * * *" A transferee as such makes no return and the limitation of time is therefore directed to and limited by the return of an *income* taxpayer. Moreover, it would be giving to the statute a most unreasonable construction if the Commissioner were bound to include in his claim for taxes the sums which may be assessed against the decedent as a transferee. The Commissioner, of course, could not have known whether decedent was a transferee of a defaulting income taxpayer. In the case before us, he had no facts indicating such a situation. At the time, the statute which authorized the assessment of a tax against the transferee had not been enacted.

The requirement which necessitates determination of a tax by the Commissioner within one year from the date the executor makes written request therefor is reasonable, for the determination of the tax is based upon returns which give the necessary information to the Commissioner upon which he may make a correct assessment. All such fact requirements are absent in the case of the tax against a transferee. With no return made by such transferee and without information to the Commissioner concerning the existence of any liability as a transferee, respondents nevertheless argue

that the Commissioner should be bound by his statement of income taxes due from the decedent, which was based upon income of decedent as shown by sworn returns made by the decedent.

The tax in question was assessed within the time permitted by the statute.

■ The original tax against the Van Sicklen Company was assessed within the stattory period, namely, on November 17, 1924. The proposal for assessment against the transferee was made within the time permitted by statute (section 280 (b) (2), Revenue Act 1926, 26 USCA § 1069 (b) (2), namely, within one year of the date of the enactment of the Act. U. S. v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984. The notice was mailed October 27, 1926. The act was passed February 26, 1926. The proposal of assessment was addressed to the Estate of Charles H. Hulburd, % DeForest Hulburd, 86 E. Randloph St., Chicago, Illinois. It was in fact received by the executors. The assessment was not actually made and could not be made until 60 days from October 27, 1926, the date of the notice of the proposed assessment. Section 274 (a), Revenue Act 1926 (26 USCA § 1048). Respondents sought redress therefrom by petitioning the Board of Tax Appeals for a review of said proposal and for this period of review before the Board of Tax Appeals and this court, the statute of limitations was tolled. It follows, therefore, that the claim is not barred by the statute.

■ Respondents' contention that the Commissioner is attempting to assess a tax against a transferee of a transferee instead of merely against the transferee, which was the extent of its power, is answered by section 280 (f), Revenue Act 1926, (26 USCA § 1069 (f), which reads:

"As used in this section, the term 'transferee' includes heir, legatee, devisee, and distributee."

As DeForest Hulburd received $4,000 of the $8,000 which his father received as transferee of Van Sicklen Company, we think, as to him, this section of the statute is conclusive. The property in the hands of the executors and which was distributed among the legatees (one-half of the residue going to the respondent Hulburd) was far in excess of the amount required to pay this $8,000 tax.

As to the executors, section 281 (b), Revenue Act 1926 (26 USCA § 1070 (b), seems to be applicable:

"Upon notice to the commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 280 [section 1069 of this title], the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated."

The subsection seems to require that the executors notify the Commissioner before their liability can be terminated. It likewise assumes, although it does not directly create, a liability on the part of the estate for the tax for which the deceased was liable at the time of his death. Petitioner is not, however, compelled to rely upon this section to establish liability of the executors for the tax in question. At the time Hulburd died, he was liable to be assessed for this tax. Upon his death his estate was equally liable. Upon the death of a transferee, his estate becomes liable for the tax to which the deceased transferee was subject. The estate was not the transferee of a transferee. The estate was the original transferee. A legatee of the deceased to whom the estate was passed was also by section 280 (f) an original transferee.

■ We are also satisfied that the Act was intended to apply and does apply to taxes against a transferee, even though the unpaid income tax accrued prior to the passage of the Act and the transfer by the income taxpayer to the transferee was made prior to the passage of the Act.

Respondents finally argue that the notice which Commissioner sent to the estate of Charles H. Hulburd and which was received by the executors was insufficient to extend the statute of limitations. Their reliance is on Nauts v. Clymer (C. C. A.) 36 F.(2d) 207, and Liberman's Committee v. Commissioner (C. C. A.) 54 F.(2d) 527. It is true that at the time such notice was received the estate of Charles H. Hulburd had been administered. The executors, however, had not notified the Commissioner of the termination of their status as executors.

■ We think the facts in the case of Nauts v. Clymer are distinguishable from those in the present case. Moreover, if the notice were insufficient, its insufficiency was waived by the executors' applying to the Board of Tax Appeals for review of it. This action naturally led the Commissioner

to assume that the notice was sufficient and that he should take no further steps to notify of the proposed assessment of the tax. After taking this action, respondents are in a most embarrassing position to assert the contrary. We agree with the views expressed in Continental Products Co. v. Commissioner (C. C. A.), 66 F.(2d) 434, 435:

" * * * But the shorter and conclusive answer to the petitioner's contention is that such brazen repudiation by a party of its own acts and assertions, on which the other party evidently relied, is not legally permissible."

It is finally argued that the Commissioner should have proceeded and exhausted all his remedies against the Van Sicklen Speedometer Company. There is certainly much of merit in the respondents' position that they should not be held liable for the tax of another if it be possible to collect a tax from the original debtor. On the other hand, if proceedings of this kind had been begun against the original taxpayer, the respondents could have pleaded the statute of limitations, although the delay was occasioned by an effort to collect the tax from the original debtor. We must take the statute as it is. The Commissioner had the right to assess the tax against any transferee of a taxpayer who neglected to pay his taxes. Doubtless the transferee has a cause of action against the defaulting taxpayer. At any rate the transferee cannot contest the assessment of a tax due from him because as between him and another person said other person should pay it.

The Board of Tax Appeals assumed the correctness of the tax assessment against Van Sicklen Company. Respondents denied the existence of facts which showed such tax liability. The Board of Tax Appeals disposed of the question without determining this issue. It said:

"At the present stage of these proceedings and for the purpose of the only issue now being considered, we assume the correctness of the Commissioner's determination of the tax assessed against the Van Sicklen Company a corporation."

In the absence of a determination of the correct amount of tax due from the Van Sicklen Company, it is impossible to finally dispose of this case. We can only reverse the order and direct that the Board ascertain the true amount of the tax against Van Sicklen Company. On that hearing we think the respondents may show, if such be the fact, that taxes have been paid by other transferees or by the Van Sicklen Speedometer Company, in which case the amount of such payments should be deducted from the tax which the Board assesses against the transferees of the Van Sicklen Company.

The order is therefore reversed with directions to proceed in accordance with the views expressed in this opinion.