KUCHENREUTHER, Respondent, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Appellant.

*September 15—October 12, 1937.*

614

For the appellant there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump.*

*Morris Podell* of Milwaukee, for the respondent.

FOWLER, J.    The plaintiff's complaint charges gross negligence in that the defendant injured the plaintiff by recklessly and wantonly striking with a train the automobile in which plaintiff was riding while it was crossing the track on which the train was running.   The defendant pleaded in bar a judgment upon a directed verdict against the plaintiff, rendered in a previous action brought to recover for the same injuries inflicted by the same act of the defendant, wherein the plaintiff charged ordinary negligence.   The facts involved under the plea in bar were stipulated.   At the close of the testimony in the trial of the case for recovery on the ground of ordinary

negligence the plaintiff moved for a directed verdict. The motion was granted, and judgment of dismissal was entered thereon. The plaintiff appealed to this court, and the judgment was affirmed without opinion. The trial judge in granting the motion for a directed verdict did not state whether he granted it on the ground that negligence of the defendant was not proven, or on the ground that the plaintiff was guilty of contributory negligence. At the time of the former trial, contributory negligence of the plaintiff constituted a complete defense. In this situation the court in this action overruled the plea in bar.

We are of opinion that the plaintiff is estopped by the record in the former case from again litigating the question of his right of recovery. The doctrine of estoppel by record prevents a party, not only from litigating again what was actually litigated in the former case, but from litigating what might have been litigated therein. It was held in *Astin v. Chicago, M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265, that a plaintiff may join in the same complaint causes of action for recovery on the ground of both gross and ordinary negligence. Having the right so to join them, "pleading of the one by itself, in effect, pleads that the other does not exist." *Astin Case, supra,* p. 485. Having once pleaded the acts of the defendant as characterized by ordinary negligence, and not having pleaded in the alternative that they were characterized by recklessness as he might have done, either originally or by amendment on the trial if the evidence warranted an inference of recklessness, the plaintiff is estopped by the record he has made by his pleading from now claiming that the defendant's acts were characterized by recklessness or wantonness. Gross negligence comprises the commission of the same acts that are involved in ordinary negligence. The only difference is that in gross negligence those acts are characterized by recklessness, and in ordinary negligence they are

characterized by a want of ordinary care. In which way, if either, those acts were characterized might have been determined in the first case had the plaintiff seen fit to have their character determined therein. A second cause of action may be brought where it is not an attempt to litigate the issues of a former action. *Bischoff v. Hustisford State Bank,* 195 Wis. 312, 320, 218 N. W. 353. But the converse of the proposition is also true, that one cannot bring a second cause of action when it is an attempt to try the same issues. The same acts being involved in both causes of action, the proper administration of justice requires that, the issues of the commission and the character of those acts having been tried in one action, neither the public nor the defendant should be subjected to a trial as to their commission or character in another action. To permit this would be permitting a misuse and abuse of the judicial process.

The plaintiff contends that *Bentson v. Brown,* 191 Wis. 460, 211 N. W. 132, rules the instant case in his favor. The case properly considered is to the contrary. The ruling in that case was based upon the doctrine of *res judicata.* There had been a previous action sounding in ordinary negligence, ·and the jury had found that the defendant was guilty of ordinary negligence, and the plaintiff was guilty of contributory negligence. While it was the latter finding that barred recovery in that case, the finding of ordinary negligence, under the doctrine of *res judicata,* clearly barred recovery in a subsequent action on the ground of gross negligence. The finding stood "as a final judicial determination that the defendant was guilty of ordinary negligence." Having been guilty of ordinary negligence, the defendant could not have been guilty of gross negligence, because the latter is inconsistent with the former. It is true, as plaintiff points out, that the opinion in the *Bentson Case* states, page 463: "Had he [the plaintiff] failed to establish ordinary negligence he might have maintained an action for gross negligence." This perhaps in-

timates that the court was of the view that the subsequent action for gross negligence would have been upheld but for the affirmative finding of ordinary negligence in the former case. But if this was the view of the court, we are of opinion that it was erroneously taken. It is contrary to the statement in the *Astin Case, supra,* that pleading ordinary negligence alone in effect pleads that gross negligence did not exist. The latter statement is correct. To make the statement in the *Bentson Case* above quoted correct there should have been added to it, to make it conform to the *Astin Case,* "had he pleaded such cause of action in the alternative in the original complaint either in the first instance or by amendment." A course being indicated in the *Astin Case* whereby in cases of doubt a plaintiff may allege gross negligence and in the alternative ordinary negligence, a plaintiff should be held to that course, and not be permitted to subject the defendant to more than one trial based upon a single act or sequence of acts.

We are not unmindful of the contention of plaintiff that in the former action the trial court did not necessarily determine, as was determined in the *Astin Case,* that the defendant was guilty of negligence, but the court may have only determined that, if he was, the plaintiff was guilty of contributory negligence which barred him from recovery, and have made no finding respecting plaintiff's negligence. But contributory negligence is a defense. The question whether the plaintiff was guilty of it does not arise at all until after the defendant had been found guilty of negligence. If we assume that the trial judge considered the case in orderly sequence, as we perhaps should, we would assume that he passed upon the question of the defendant's negligence. But however that may be, the case is properly disposed of on the ground above stated.

*By the Court.*—The order of the circuit court is reversed, with directions to sustain the defendant's plea in bar and dismiss the action.