**SIMMS v. ANDREWS, Deputy Collector of Internal Revenue, et al.**

No. 2121.

Circuit Court of Appeals, Tenth Circuit.

April 3, 1941.

Harold E. Rorschach, of Tulsa, Okl. (Goldesberry & Klein, of Tulsa, Okl., Jack L. Rorschach, of Vinita, Okl., and Harold C. Harper, of Tulsa, Okl., on the brief), for appellant.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Whit Y. Mauzy, U. S. Atty. and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This controversy centers around an effort by the United States government to collect a deficiency assessment of income taxes from Hazel D. Woodward Bradshaw, for the years 1923, 1925 and 1928. The tax for 1928 has been paid and is not involved in this appeal.

Hazel D. Woodward Hawks Bradshaw, now Taylor, is a Creek Indian allottee, who was possessed of a sizeable fortune. She executed a declaration of trust whereby she conveyed her property to her father, H. E. Woodward, as trustee. Thereafter a new trust agreement was executed, naming the Exchange Trust Company trustee. June 26, 1930, an amended and supplemental trust agreement was adopted, by which she conveyed to the trustee 230 acres of real estate acquired by her subsequent to the execution of the preceding trust agreement, and also some personal property not involved herein. The trust company was liquidated and J. D. Simms[1] was appointed trustee of the trust estate.

Notice of the deficiency determination for the years 1923 and 1925 was mailed to H. E. Woodward, trustee, and to Hazel D. Woodward Bradshaw. Notice of the 1928 deficiency assessment was mailed to Hazel D. Woodward Bradshaw.[2] No notice of determination of tax deficiency was mailed to either the Exchange Trust Company or to J. D. Simms, successor in trust. An appeal was taken by the Taxpayer from each of these determinations to the Board of Tax Appeals.[3] The Board rendered its decision June 22, 1933, determining a deficiency in taxes for the years 1923, 1925

---

[1] Herein referred to as the Trustee.
[2] Herein called the Taxpayer.
[3] Herein referred to as the Board.

and 1928. No appeal was taken from the decision of the Board. The taxes found to be due were assessed against the Taxpayer by the Commissioner on July 8, 1933. Demand for payment was made in July, 1933, and successive warrants for distraint were issued. Notice of tax liens was filed in the office of the United States District Court for the Northern District of Oklahoma and with the County Clerk of Tulsa County, Oklahoma. Notice of levy on all property in its possession belonging to the Taxpayer was served on the Exchange National Bank. January 10, 1939, notice of sale of the 230 acres of land conveyed to the Trustee by the supplemental trust agreement was given. This notice was signed: "H. C. Jones, Collector of Internal Revenue, by [signed] Louis P. Andrews, Deputy Collector."

February 11, 1939, the Trustee instituted the present action against Louis P. Andrews, Deputy Collector, and H. C. Jones, Collector of Internal Revenue, defendants, in the District Court of the United States for the Northern District of Oklahoma. He sought to enjoin them from proceeding with the sale of the 230 acres and asked for a temporary restraining order, pending the final determination of the issue. In a second count he asked the return of four certain notes belonging to the trust estate, which he alleged had been unlawfully levied upon and seized, and for an accounting of any proceeds collected on these notes.

The defendants filed their joint answer, in which they asserted that the United States government was the real party in interest and that the court was without jurisdiction. The United States government filed an intervening petition asking to be permitted to intervene. It asserted its right to collect the taxes that had been assessed against the Taxpayer and asked that the Trustee be required to turn over to the Collector of Internal Revenue sufficient of the property of the trust estate to satisfy the outstanding taxes determined and assessed against the taxpayer.

Motions by the Trustee to strike the answers of the defendants and the cross petition of the government were denied. Issues were thereupon joined, and on December 5, 1939, judgment was entered against the Trustee and in favor of the defendants. On the cross petition, judgment was entered for the government, directing the Trustee to sell the 230 acres at public sale, and pay from the proceeds thereof a sufficient sum to H. C. Jones, Collector of Internal Revenue, to satisfy the taxes due the government from the Taxpayer.

Thereafter the Trustee filed a motion asking the court to vacate the judgment of December 5 "to permit plaintiff herein to file a motion or motions seeking permission of this court to amend his pleadings filed herein to accord with the proof adduced at the trial of this cause and received by the court."

A like motion was also filed, asking permission to amend the Trustee's reply to the intervening petition of the government for the reason "that said amendment will render said reply to petition for intervention conformable to the evidence received by the court at the trial of this cause, and for the further reason that the evidence adduced at the trial was not objected to either by counsel for the defendants or the intervenors."

The court entered an order vacating the judgment. The order provided: "It is further ordered, adjudged and decreed by this court that the plaintiff have leave to file motion or motions to amend the pleadings heretofore filed in this cause. It is further ordered, adjudged and decreed by this court that the clerk of the court be and he hereby is authorized to receive and file said motions and to set the same upon the docket for hearing by this court at the earliest practical date."

The amendment to the reply to the intervening petition set up as a new defense the statute of limitations. The defendants and the government filed motions to vacate the order of December 22, 1939, vacating the judgment of December 5. The court, acting upon these motions, vacated its order of December 22nd, struck the amendments to the Trustee's pleading from the files, and reinstated the judgment of December 5th in favor of the government. From this judgment the Trustee has appealed.

■ It is urged that the court committed error in permitting the government to file its petition of intervention. The Trustee takes the position that a petition for intervention must be filed within the time fixed for the filing of an answer. Rule 24 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for intervention both as a matter of right and by permission of the court. In each instance the rule requires timely ap-

plication. The rule is silent as to what constitutes timely application and the question must therefore be answered in each case by the exercise of sound discretion by the trial court. Complaint is also made that no notice was served on the Trustee of the application for intervention, as required by Rule 5 of the New Rules of Civil Procedure. The Trustee did, however, appear in the matter and contest the right of the government to file its intervening petition, and it was only after a hearing that the court granted permission to file the petition. These matters rested in the sound discretion of the trial court and there was no abuse in the exercise of its discretion.

■ It is next urged that the court should have sustained the Trustee's motion to strike the answer of defendants, because it was not filed within time. The only relief sought against the defendants was injunctive in character. The prayer was that they be enjoined from proceeding with the sale of the real estate and that they be further enjoined from collecting on the notes in controversy and be compelled to account for any collections made thereon. Plaintiff stipulated that defendants should sell the notes in controversy and that the proceeds should be substituted for the notes. On February 23, 1939, the court entered an order reciting that the attorney for the defendants had announced in open court that the sale of the real estate would not be held pending the final determination of the issues. The court decreed that no further action be taken pending final decision and that no funds held or thereafter collected on the notes be transferred to the Treasurer of the United States. The government thereafter, filed its intervening petition asserting its rights to the notes and to the sale of the real estate. It thereby became the real party in interest. Any relief to which the Trustee would be entitled would be against the government. It is therefore not necessary to determine whether the answer of the defendants was filed within time. After the intervention by the government, no issues remained which would have entitled the Trustee to any judgment against the defendants.

■ It is contended that no legal assessment of additional taxes was made because no notice of a deficiency determination was mailed to Hazel D. Woodward Bradshaw, as required by Section 274 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 203. As has been stated, an appeal was taken to the Board from the deficiency determinations for each year. The appeals involving the taxes for the year 1923, Docket No. 37913 and for 1925, Docket No. 38856, were prosecuted in the name of H. E. Woodward, trustee, and Mrs. Hazel Woodward, now Bradshaw. The appeal involving the taxes for 1928, Docket No. 59961, was taken by Hazel D. Woodward alone. Each of the petitions contains the following verification: "Hazel Bradshaw, being duly sworn, deposes and says that she is the petitioner above named; that she has read the foregoing petition or had the same read to her and is familiar with the statements contained therein, and that the facts stated are true except as to those facts stated to be upon information and belief, and those facts she believes to be true." The petitions in the appeals involving the taxes for 1923 and 1925 contain the following statement: "The notice of deficiency (a copy of which is attached and marked Exhibit 'A') was mailed to the petitioner on or about * * *." Then follows the date of the mailing of the notice. The petition in Docket No. 59961 contains the following statement: "The notice of deficiency (a copy of which is attached and marked Exhibit 'A') was mailed to the petitioner on June 19, 1931." It therefore appears that not only was notice mailed to the Taxpayer, as required by law, but that in her pleading she acknowledges the mailing of such notice.

■ In his reply brief, the Trustee shifts his position and now argues that no valid assessment of deficiency taxes was made because no notice of deficiency determination was mailed to the Trustee. The Trustee is not liable to the government for any income tax. The government does not seek to assess or impose any tax against him. The obligation is owing from Hazel D. Woodward Bradshaw. She alone is liable to the government for these taxes. The obligation of the Trustee, if any, does not arise from the assessment of deficiency taxes made or attempted to be made against him.

Section 274 of the Revenue Act of 1926 requires that notice of a deficiency determination in respect to income taxes be mailed to the taxpayer. It does not provide for notice to the trustee or fiduciary of a taxpayer, and notice to the trustee of a deficiency determination of income taxes

was not essential to a valid assessment of such taxes against the taxpayer. Liberman's Committee v. Commissioner of Internal Revenue, 2 Cir., 54 F.2d 527.

Error is assigned on the ruling of the court vacating its order of December 22, 1939, setting aside the judgment of December 5th, to permit the Trustee to amend his reply to the intervening petition to make it conform to the proof adduced at the trial. It is ordinarily within the sound discretion of the trial court to permit an amendment to conform to the proof where evidence has been introduced without objection as to facts not presented, or insufficiently presented, by the pleadings. The right to amend pleadings to conform to the proof proceeds upon the theory that by such amendment the pleadings are brought in line with the actual issues upon which the case was tried, even though such issues were not stated in the pleadings as originally drawn. In such case it is the duty of the court, after the evidence upon the supposed issue has been introduced without objection, to permit the amendment. Rule 15 (b), New Rules of Federal Procedure; Low v. Davidson Mfg. Co., 7 Cir., 113 F.2d 364; Lientz v. Wheeler, 8 Cir., 113 F.2d 767; Swift & Co. v. Young, 4 Cir., 107 F.2d 170. This rule, however, does not authorize such an amendment merely because evidence which is competent and material upon the issues created by the pleadings incidentally tends to prove another fact not within the issues in the case. 49 C.J. § 648, page 490; Keil v. Evans, 99 Kan. 273, 161 P. 639; Dobson v. John Clemens & Co., 194 Iowa 1155, 191 N.W. 184.

Whether it was necessary for the court to set the judgment of December 5th aside to permit plaintiff to amend his pleadings to conform to the proof need not be decided. The purpose of the court in setting aside the judgment was to permit the filing of amendments to conform the pleadings to the proof. He directed the clerk to receive and file the amendments and set them down for hearing. When the Trustee amended his pleadings, however, he did not amend them to conform to the proof, but set up an entirely new defense to the claim of the government. For the first time he pleaded the statute of limitations. This was not one of the issues in the original trial. Any evidence introduced at the time of the trial tending to bear on the statute of limitations was incidental to the question of notice and was not introduced for the purpose of this defense. An amendment after judgment stating a new cause of action or a new defense is not permissible under the guise of conforming the pleadings to the proof and the court was right in striking the amendments from the records and reinstating the original judgment. Bicklin v. Kendall, 72 Iowa 490, 34 N.W. 283; Romeyn v. Sickles, 108 N.Y. 650, 15 N.E. 698; Hensley v. Chicago, St. P., M. & O. Ry. Co., 126 Neb. 579, 254 N.W. 426; Scott v. Spencer, 44 Neb. 93, 62 N.W. 312.

In his seventh assignment of error, the Trustee asks: "In equity and good conscience, should the United States be granted equitable relief as prayed?" The answer must be in the affirmative. At the time the Taxpayer executed the supplemental trust agreement by which she transferred the 230 acres to the trust estate, the controversy with the government over her income taxes was in progress. She had been notified of the deficiency determination for the years 1923 and 1925 and had an appeal pending from such determination to the Board of Tax Appeals. She realized the possibility of additional income taxes being imposed, and recognized not only her legal, but also her moral obligation to pay them. To insure that this be done, she included the following provision in the trust agreement: "The trustee is further authorized and directed to pay from the Trust Estate, when it is determined by the court or otherwise, the amount of all income taxes due the United States' government for the year 1929 and prior years, levied and assessed against party of the first part herein; and said trustee is further authorized and directed to pay an attorney fee to the attorneys of the party of the first part who contested the assessment of such income taxes and who represented the party of the first part in the foreclosure proceedings mentioned and described in this instrument, when approved by party of the first part."

The trust agreement specifically provided for the payment of these taxes. It was the trustee's duty to pay them. This he refused to do and the government was entitled in equity to a decree of the court directing the Trustee to carry out the express provision of the trust estate regarding the payment of these taxes.

A number of other assignments of error are presented. We have given them care-

ful consideration, and find no reversible error therein.

The judgment of the court is affirmed.