302

**MARUSKA et al. v. MARUSKA.**

No. 8893.

Circuit Court of Appeals, Seventh Circuit.

May 9, 1946.

Fred W. Genrich, Jr. and Herbert L. Terwilliger, both of Wausau, Wis., for appellants.

Earl L. Kennedy, of Rhinelander, Wis., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

On December 4, 1943, on a public highway about four miles north of Mosinee, Wisconsin, while Mary Maruska was riding as a guest in an automobile driven by Henry Maruska, her husband, the Maruska automobile collided with an automobile driven by Vincent Chrusicki, and as a result she was injured and suffered pain and loss of income. To recover damages for injuries sustained, she and her husband sued National Casualty Company of Detroit, Michigan, who had issued a policy of insurance to Chrusicki, by the terms of which it agreed to pay any damages arising out of the operation of Chrusicki's automobile.

On August 11, 1944, plaintiffs filed an amended complaint impleading State Farm

Mutual Automobile Insurance Company as party defendant, alleging that State Farm had issued a policy of insurance covering the Maruska automobile. The amended complaint as well as the original complaint alleged that at the time of the collision Henry Maruska had operated his automobile in a careful and prudent manner and that Chrusicki had been negligent in operating his car.

National answered the amended complaint. It denied that Henry Maruska had operated his automobile in a careful and prudent manner. It denied that Chrusicki had been negligent in the operation of his automobile, and alleged that the accident was the result of the negligence of Henry Maruska.

State Farm, in its amended reply, denied that Henry Maruska had been negligent in the operation of his automobile and alleged "that in the event it is determined at the trial of said action that Henry Maruska was guilty of any negligence contributing to the injuries received by plaintiff Mary Maruska, that said Mary Maruska assumed the risk of said negligence."

The action, under this state of the pleadings, proceeded to trial before the court and jury. By special verdict the jury found that Mary Maruska was free of all negligence and assessed her damages at $3,000. It acquitted Vincent Chrusicki of negligence in the operation of his automobile, but found Henry Maruska guilty of one hundred percent negligence and that the collision was the natural result of his negligence. Upon a motion made after verdict the court granted Mary Maruska leave to amend her complaint to conform to the evidence. Judgment was entered on the verdict against Henry Maruska and the State Farm Mutual Automobile Insurance Company for the amount assessed, and the action against National Casualty Company was dismissed.

It is upon this state of the record that appellants claim that the court erred in granting leave to amend the complaint to conform to the evidence. They concede that Mary Maruska had the right to assert a cause of action against them. They insist, however, that in her pleadings she

asserted no claim against them, and having failed to do so until after the jury returned its verdict, she is estopped from contending that Henry Maruska was guilty of negligence, and they cite, among other cases, Sullivan v. Colby, 7 Cir., 71 F. 460; Kuchenreuther v. Chicago Milwaukee, St. Paul & Pacific Railroad Co., 225 Wis. 613, 275 N.W. 457; and Stevens v. Brooks, 23 Wis. 196. We have considered these cases as well as the other cases cited and are of the opinion they are inapplicable here.

■ The right to amend pleadings to conform to the proof proceeds upon the theory that by such amendment the pleadings are brought in line with the actual issues upon which the case was tried, Simms v. Andrews, 10 Cir., 118 F.2d 803, 807; Low v. Davidson Mfg. Co., 7 Cir., 113 F.2d 364, 367, and "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings," rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Section 269.44 of the Wisconsin Statutes 1943 provides that "The court may, at any stage of any action * * *, before or after judgment, in the furtherance of justice * * *, amend any * * * pleading * * *; provided, the amended pleading states a cause of action arising out of the * * * occurrence or is connected with the subject of the action upon which the original pleading is based."

■ In the case before us, the record discloses that counsel for appellant State Farm filed a pleading for Henry Maruska denying that Maruska had been negligent in the operation of his automobile, hence appellee did not assume a position contrary to the position assumed by appellant State Farm. He took an active part in directing and guiding the course of the action and was aware of the fact that the action was one in connection with the occurrence (collision between the Maruska and Chrusicki automobiles), the subject matter of the action upon which the original action was based. In such a situation it is the duty of the court to permit an amendment

to conform to the proof, Simms v. Andrews, supra, 118 F.2d 807. See also Kaegi v. Industrial Commission, 232 Wis. 16, 25, 285 N.W. 845; Duffy v. Scott, 235 Wis. 142, 292 N.W. 273; and Haines v. Duffy, 206 Wis. 193, 240 N.W. 152.

Appellants next contend that there is no finding by the jury that Henry Maruska violated any duty that he owed to Mary Maruska. The argument is that the question as submitted to the jury did not require the jury to pass upon that point.

There is no question but what appellee was a guest of appellant Maruska, hence the host-guest rule was applicable. Under that rule, Maruska owed appellee no greater duty than to exercise the skill and judgment which he possessed, Bohren v. Lautenschlager, 239 Wis. 400, 407, 1 N.W.2d 792, and the guest must take the host, with his defects of skill and judgment, Young v. Nunn, Bush & Weldon Shoe Co., 212 Wis. 403, 249 N.W. 278.

In our case, the court did not frame and submit to the jury a question so framed as to elicit a finding upon the crucial issue existing between appellee and appellants, i. e., whether Maruska had breached any duty he owed appellee. The question framed by the court and submitted to the jury inquired as between Maruska and Chrusicki, only as to whether Maruska had been negligent in the manner of operating his automobile, and the finding of the jury was upon that issue.

In the case of Culver v. Webb, 244 Wis. 478, 492, 12 N.W.2d 731, the court pointed to the necessity that host-guest cases be so submitted as to produce findings bearing upon that relationship and held that it was reversible error for the court not to submit the question to the jury. We think the rule enunciated in the Culver case is applicable here, even though no request was made to submit to the jury a question to produce a finding upon the host-guest relationship, and that justice would be better served if the cause were retried.

The judgment of the District Court is reversed and the case is remanded for a new trial.

It is so ordered.