Roosevelt MOORE, Appellant,

v.

COATS COMPANY and Jack P. Hennessy Co., Inc.

No. 12855.

United States Court of Appeals Third Circuit.

Argued June 2, 1959.

Decided Sept. 23, 1959.

Roosevelt Moore, pro se.

Frank Hancock Hennessy, Englewood, N. J. (Hennessy & Mowry, Englewood, N. J., on the brief), for Coats Co.

Frank P. Lucianna, Englewood, N. J., for Jack P. Hennessy Co., Inc.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff-appellant Moore, who, first represented by counsel, later appeared here and in the court below *pro se*, filed suit in August, 1958, against the United States, The Coats Company, one of the appellees, and others, alleging infringement of United States Patent No. 2,482,789 owned by Moore. The original defendants moved to dismiss the original complaint, alleging want of venue jurisdiction because the requirements of Section 1400(b), Title 28 U.S.C. had not been met. After several continuances in order to give Moore an opportunity to obtain counsel, the motion finally was argued. On October 8, 1958, and before a decision on the motion, Moore amended his complaint to set forth a cause of action as a contributory infringer against Jack P. Hennessy Co., Inc., alleging it to be the distributor and general sales agent for Coats, and that Hennessy was doing business in Englewood, New Jersey. Hennessy was duly served with process. Hennessy then filed a motion to dismiss the complaint as to it on the ground that it did not maintain a place of business for Coats in New Jersey. This motion was irrelevant for Moore's amended complaint charged Hennessy, as we have said, with being a contributory infringer.[1] Thereafter the court below first granted the motions to dismiss the complaint as to all of the other original defendants save Coats and later both as to Coats and Hennessy on the ground that there was a lack of jurisdiction and that venue had not been properly laid.

■ It is clear that as to all the defendants, save Hennessy the venue requirements of Section 1400(b), Title 28 U.S.C., have not been met by the plaintiff-appellant for the record shows that these corprations do not reside in New Jersey, have not committed acts of infringement there and do not have a regular and established place of business therein.[2] See Fourco Glass Co. v. Trans-

mirra Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 holding that Section 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions. But it is equally clear that it is alleged that Hennessy does have a place of business in New Jersey, does reside there and has committed acts of infringement therein.

There can be no question but that the court has venue jurisdiction in respect to Hennessy or that the suit could be maintained had that company been named as a party defendant in the original complaint. Hennessy asserts that the court below was without jurisdiction of the parties when the case was filed and the fact that the suit was "belatedly" dismissed only after the amendment making Hennessy a party, could not instill jurisdiction in the court below for the suit was "dead" when Hennessy was brought into it by the amendment. This contention is based on the theory that venue jurisdiction must inhere in a suit from its inception. Compare Willing v. Provident Trust Company, D.C.E.D.Pa. 1937, 21 F.Supp. 237, 238, relied on by Hennessy. The authority cited is clearly distinguishable.

■ Section 1653, Title 28 U.S.C., provides that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The statute confers jurisdiction on a United States court to consider an amendment such as that at bar. Moreover, since the plaintiff-appellant appears *pro se* and is unskilled in the law, we must view his pleading and the applicable procedure liberally. Picking v. Pennsylvania R. Co., 3 Cir., 1945, 151 F.2d 240, 244. The amended complaint based on contributory infringement grows out of the same patent originally sued on. Under the rule of permisssive joinder, Rule 20(a), Fed.R.Civ.Proc., 28 U.S.C., Hennessy could have been made an original party-defendant and the suit as to him

---

1. A paragraph of the motion, serving as an answer, also denied infringement.

2. The plaintiff-appellant has consented to the dismissal of the United States as a party defendant. An appropriate order of dismissal was entered.

could not have been dismissed even though the other original parties had been joined with him as co-defendants. Under the same rule the suit being pending, he could be joined as he was here. It seems of little consequence under the circumstances that the amendment with which we are concerned came late. Venue jurisdiction clearly exists as to Hennessy under the amendment. The suit had not been dismissed when the amendment was filed. It existed and Hennessy could be and was made a party.

There is ample authority to support the proposition that a complaint may be amended pursuant to Section 1653 in order to supply allegations necessary to sustain jurisdiction. While most of the authorities deal with the acquiring or perfecting of diversity jurisdiction, the same considerations should be applicable, for reasons hereinafter stated, to a suit for patent infringement. The strictness, or lack of strictness, with which Section 1653 has been applied has varied widely from court to court. Compare International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 1941, 121 F.2d 561 and Howard v. De Cordova, 1900, 177 U.S. 609, 614, 20 S.Ct. 817, 44 L.Ed. 908 permitting jurisdictional amendment. Compare the decision of the Court of Appeals of the Fifth Circuit in Russell v. Basila Mfg. Co., 1957, 246 F.2d 432, against amendment, with the dissenting opinion of Judge Rives, Id., 434, and the authorities cited therein favoring amendment. See also such recent decisions as Stern v. Beer, 6 Cir., 1952, 200 F.2d 794 and Molnar v. National Broadcasting Co., 9 Cir., 1956, 231 F.2d 684, which favor the plaintiff-appellant's point. See in particular Hackner v. Guaranty Trust Co. of New York, 2 Cir., 1941, 117 F.2d 95, 98, citing Chisholm v. Gilmer, 1936, 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 63, pointing out that there is no particular magic in the way a suit is filed.

The provisions of Section 1653 were, we think, intended to be made applicable to the principles of venue jurisdiction as well as to averments affecting diversity jurisdiction. It was the intention of Congress to permit amendment broadly to avoid the dismissal of suits on technical grounds. The Revisers Notes to the 1948 Judicial Code demonstrate this. They state: "Section [1653] was extended to permit amendment of all jurisdictional allegations, instead of merely allegations of diversity of citizenship as provided by section 399, of title 28, U.S.C., 1940 ed." Under the circumstances there seems little point in dismissing the suit as to Hennessy only to have Moore start a new one. We point out parenthetically that insofar as appears from the record no issue of statute of limitations is involved.

The provisions of Section 1653 should be applied with liberality here. Cf. Willing v. Provident Trust Co., D.C.E.D.Pa. 1937, 21 F.Supp. 237, heavily relied on by Hennessy but not apposite here.

The requirements of venue jurisdiction for the reasons earlier stated in this opinion, have not yet been met as to Coats.

That portion of the order of the court below dismissing the suit as to Coats will be affirmed. That part of the order dismissing the suit as to Hennessy will be reversed. Terms, as provided by Section 1653 may be imposed, as the court below shall direct on remand.

KALODNER, Circuit Judge, concurs in the result.