Albert SCHULTZ, Appellant,

v.

Frank R. CALLY and Amos Purcell, Appellees and Cross-Appellants.

Nos. 74–1884, 74–1885.

United States Court of Appeals, Third Circuit.

Argued Sept. 29, 1975.

Decided Dec. 30, 1975.

Harvey I. Marcus, Englewood, N. J., for appellant.

Frank R. Cally, pro se.

Amos Purcell, pro se.

Before VAN DUSEN, HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This case serves as a graphic illustration of the ways in which an essentially simple lawsuit can become unnecessarily complicated when the parties fail to delineate their factual and legal approaches at an appropriate stage of the proceedings. The disposition of this appeal that we now make further demonstrates that the time and efforts of neither the court nor the parties have been wisely utilized.

### I

Plaintiff Schultz sued defendants Cally and Purcell, alleging that he "was fraudulently induced to invest the sum of $25,000 by the defendant[s] . . . in a corporation known as Scaico Controls, Inc. and invested the sum . . on certain representations made by the defendant[s] . . . which representations were false, misleading, dishonest, and fraudulent intending to induce the plaintiff to invest. . . ." Complaint, para. 2. After a four-day trial to a jury, plaintiff recovered a judgment for $25,000. At a post-trial hearing, plaintiff moved for the assessment of costs and interest, while defendant moved for judgment NOV or a new trial. The trial court denied the defendants' motions and granted the plaintiff's motions only as to statutory costs and post-judgment interest. Both parties have appealed.

The presentation of the case in this court has been seriously deficient. We note first that appellant (Schultz) did not file a brief in response to the cross-appeal. Neither party has included in its brief the required statement of subject-matter jurisdiction, or the required statement of the standard of review. 3d Cir.R. 21(1). In addition, the appendix filed by appellant contains none of the pleadings and no part of the trial testimony. Fed.R.App.P. 30(a).

Because we found it difficult to understand or evaluate the arguments of the parties from the limited materials provided, we set this case for oral argument although counsel for both sides had agreed to submit the case without oral argument. Since the claims of both parties depend on the extent to which federal securities law was implicated in the trial of this case, counsel were questioned as to the jurisdictional basis of the suit in the district court. Counsel for appellant initially stated that the complaint was based on both the federal statutes and on common law, while counsel for appellees claimed that only common law had been at issue.

### II

At the outset we must notice a consequence of this uncertainty as to controlling law more serious than those briefed and argued by the parties. The second (unnumbered) and third (paragraph "1") paragraphs of the complaint state that:

Jurisdiction of this Court is based on diversity of citizenship, plaintiff being a New Jersey resident, defendant being a New York resident, and upon Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C., Section 78 [78aa] the amount in controversy exceed [sic] $10,000.

## FIRST COUNT

1. The defendant, Frank Cally, is an Attorney at Law of the State of New York, having his principal place of business at 150 Broadway, New York City, New York.

Since there are no other allegations even arguably relevant to the citizenship of the parties, the complaint fails to set forth the elements of the claimed diversity. Even if plaintiff had properly alleged that he is a *citizen* of New Jersey and that Cally is a *citizen* of New York, the complaint would be fatally defective for failure to allege the citizenship of defendant Purcell. The record makes it clear that Purcell is a citizen of New Jersey. (*E. g.,* Transcript of Proceedings, April 3, 1974, p. 10–15). Since total diversity has not been shown, 28 U.S.C. § 1332 [1] is not available. *Strawbridge v. Curtis,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.,* 461 F.2d 1140 (3d Cir. 1972).

## III

 Therefore, unless the plaintiff has established federal question jurisdiction, the district court was without *any* jurisdiction. While the complaint, as quoted above, invokes the jurisdictional section (§ 27) of the Securities Exchange Act of 1934,[2] there is no reference to any substantive provision of the Act.[3] Assuming that plaintiff intended to invoke the "anti-fraud" provisions of Section 10(b), 15 U.S.C. § 78j(b),[4] and Rule 10b–5 [5] promulgated thereunder, the fac-

---

1. 28 U.S.C. § 1332(a):

 Diversity of citizenship; amount in controversy; costs

 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $10,000, exclusive of interest and costs, and is between—

 (1) citizens of different States;

 (2) citizens of a State, and foreign states or citizens or subjects thereof; and

 (3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

2. 15 U.S.C. § 78aa:

 Jurisdiction of offenses and suits

 The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter [the Securities Exchange Act of 1934] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts.

3. Fed.R.Civ.P. 8(a) provides

 (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . .

 Form 2(c), 28 U.S.C. (App.) suggests:

 The action arises under the Act of ——, —— Stat. ——; U.S.C., Title ——, § ——, *as hereinafter more fully appears.* (Emphasis added).

4. 15 U.S.C. § 78j(b):

 Manipulative and deceptive devices

 It shall be unlawful for any person, directly or indirectly, by the use of any means of instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

 . . . . .

 (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest for the protection of investors.

5. Rule 10b–5, 17 C.F.R. § 240.10b–5:

 "It shall be unlawful for any person, directly or indirectly, by the use of any means

tual allegations of the complaint are inadequate to support the jurisdictional allegation. There is nothing in the complaint from which the involvement of "any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange" could be found, as required by § 10(b). It might also be open to question whether plaintiff's allegations that he "invested" in a corporation can, in the absence of a direct reference to § 10(b), fairly be read as a claim that the fraud complained of occurred "in connection with the purchase or sale of any security" as required by § 10(b).[6]

It is hornbook law that the jurisdiction of the federal court must appear in the plaintiff's statement of his claim. *Joy v. City of St. Louis,* 201 U.S. 332, 340–41, 26 S.Ct. 478, 50 L.Ed. 776 (1906). "It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case. . . . He must allege in his pleading the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 189, 56 S.Ct. 780, 782, 785, 80 L.Ed. 1135 (1936). Under Fed.R. Civ.P. 15(b),[7] however, a pleading may be amended to conform to the proof, and if an issue, though never actually pleaded, is tried by express or implied consent of the parties, the pleadings may be *deemed* amended to conform, even after judgment or on appeal. *E. g., Niedland v. United States,* 338 F.2d 254 (3d Cir. 1964).

In the present case, there *was* evidence introduced at trial which would have cured the jurisdictional pleading deficiencies (involvement of interstate commerce, purchase and sale of securities). The difficulty arises in trying to decide whether it can fairly be said that the defendants, by failing to object to evidence, "consented" to the trial of the inadequately pleaded federal question. Of the evidence introduced by plaintiff which could have supported a well-pleaded federal securities claim, almost all of it was also relevant to the common law claims that the parties thought they were trying under diversity jurisdiction. "Under this rule [15(b)], there is implied consent to litigate an issue if there is no objection to the introduction of evidence on the unpleaded issue, *as long as the non-objecting party was fairly apprised that the evidence went to the unpleaded issue.*" *Id.* at 258 (emphasis added). Amendment is not accomplished "merely because evidence which is competent and material upon the issues created by the pleadings incidentally tends to prove another fact not within the issues in the case." *Simms v. Andrews,* 118 F.2d 803, 807 (10th Cir. 1941). The only evidence which would not also be relevant to the common law claims would be that tend-

---

or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

"(a) To employ any device, scheme or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

**6.** At no point does the complaint use the words "purchase," "sale" or "security."

**7.** Fed.R.Civ.P. 15(b):

Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

ing to show the involvement of interstate commerce. In the absence of other notice that a federal question was then at issue, we are not sure that defendants could have been expected to object to seemingly innocuous testimony that plaintiff traveled from New Jersey to a meeting in New York, that the mails were used, etc.[8] The absence of consent is further suggested by the defendants' objections, both before (Transcript of Proceedings, April 4, 1974, pp. 2–3) and after (id. at 65–66) the charge, to any mention of the federal securities statutes.[9]

It may well be that the defendants were on actual or constructive notice of the federal question(s) throughout, but we are unable to determine that on the present record. There was no pretrial conference;[10] the trial court ordered that the pleadings would constitute the pretrial order. While the record at one point refers to a "memorandum immediately prior to trial" (Transcript of Proceedings, June 10, 1974, p. 11), no such pretrial memoranda are included in the district court record. In addition, the transcript for the first day of trial has not been filed in the district court.

On such a limited record, we are reluctant to reach a decision as to the existence of federal question jurisdiction based on amendment by "implied consent." "The rule [15(b)] is applicable *only where it clearly appears from the record* that an issue not raised in the pleadings and not preserved in the pretrial order has in fact been tried and that this procedure has been authorized by express or implied consent of the parties." *Systems, Inc. v. Bridge Electronics Co.,* 335 F.2d 465, 466–67 (3d Cir. 1964) (emphasis added). Since a decision here would not, for the reason discussed below, establish jurisdiction over the entire case, a remand for such a determination is more appropriate.[11]

## IV

 It is clear from the record that the case proceeded to trial at least in part under common law theories of fraud and breach of contract (an escrow agreement). That much was conceded at oral argument. Therefore, even if we were to find that federal question jurisdiction had been established, it would still be necessary to find a jurisdictional basis for the state law claims. Diversity

---

**8.** Had the defendants made a timely objection to such evidence as irrelevant to the claims pleaded, it would have been within the trial court's discretion to grant leave to amend to perfect the allegations of jurisdiction under the federal securities laws. Such an exercise of discretion, and a continuance, if necessary, would have guaranteed that the defendants would not be "surprised" or otherwise prejudiced by an impaired ability to meet the federal claims. See Fed.R.Civ.P. 15(b), *supra,* note 7.

**9.** In addition, we note that defendants' requests to charge all deal with questions of *state* law.

**10.** This court very recently re-emphasized the importance of holding a pretrial conference to clarify issues imperfectly raised by the pleadings. *Joiner Systems, Inc. v. AVM Corp.,* 517 F.2d 45 (3d Cir. 1975).

**11.** It is therefore unnecessary to consider now the question as to *which* sections of the federal securities law could properly have been placed before the jury, assuming that the pleadings can be deemed amended to raise

*some* federal question. The complaint, as quoted above, refers only to the Securities Exchange Act of 1934. The charge is best read as referring to §§ 12 and 17 of the Securities Act of 1933, 15 U.S.C. §§ 77*l* and 77q. Although there is considerable similarity among the three provisions, the defendants may have been prejudiced by the complaint's failure to warn of claims under the 1933 Act, *see Joiner Systems, Inc. v. AVM Corp., supra* note 8, since there was evidence from which the jury could have found that any claim under § 12 (which appears to be a likely basis of the jury's verdict) was time-barred under 15 U.S.C. § 77m, a section *not* brought to the jury's attention.

In addition, a charge under § 17(a), if unexpected, would seem to have prejudiced defendants' opportunity to argue the open question of whether a private cause of action exists under that section. See *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 734 (1975) (noting conflicting decisions and reserving opinion) and *Crowell v. Pittsburgh & L. E. R. R.,* 373 F.Supp. 1303 (E.D.Pa.1974) (answering question in the affirmative).

is lacking. While it is quite possible that a decision to hear such claims as pendent to the federal cause of action would have been proper, see *Huber v. Bissel*, 39 F.R.D. 346 (E.D.Pa.1965), there is absolutely no evidence that such a decision was made here.

*UMW v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the leading case on pendent jurisdiction, makes clear that the *power* to hear a pendent claim "need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* at 726, 86 S.Ct. at 1139. The exercise of that discretion is the province of the trial court. This is not a case like *Smith v. Spina*, 477 F.2d 1140, 1143 (3d Cir. 1973), where this court was able to say that

> [w]ithout the benefit of a proper pleading in the complaint, however, the trial court treated the tort claim as an independent state claim appended to the claim based on federal law under [42 U.S.C.] § 1983. The trial court obviously exercised discretion under instructions contained in [*Gibbs*] . . . ..

Here it would seem to be beyond question that the trial court did not treat the state law claims as pendent, since all concerned apparently believed that they were within the court's diversity jurisdiction, and did *not* exercise discretion. "A failure to recognize the existence of authority to exercise discretion [in regard to pendent jurisdiction] does not amount to its exercise." *Webb v. Bladen*, 480 F.2d 306, 310 (4th Cir. 1973). Since the jury's verdict here could have been based on a common law claim over which no jurisdiction had been established, the proper procedure here, as in *Webb*, would be to remand for an exercise of discretion,[12] *even if* we were to conclude that the district court had federal question jurisdiction.

On remand, the district court must consider whether the course of proceedings established (a) existence of jurisdiction under the federal securities statute(s), *and* (b) the propriety of exercising pendent jurisdiction over the state law claims. Only if affirmative answers to *both* questions are forthcoming could the district court even consider the possibility of re-instating the original judgment on the ground that the parties were not prejudiced by any jurisdictional confusion or related trial errors.[13] *See generally, Alderman v. Elgin, J. & E. Ry.*, 125 F.2d 971 (7th Cir. 1942); C. Wright, Federal Courts 292 (2d ed. 1970). Otherwise, the court should consider the suitability of allowing the plaintiff to proceed to a new trial after amending his complaint to perfect jurisdiction. *Moore v. Coats*, 270 F.2d 410 (3d Cir. 1959); 28 U.S.C. § 1653.

In view of our disposition of defendant's cross-appeal, we have no occasion to consider the points raised in plaintiff's appeal.

The judgment in favor of plaintiff is vacated and the cause remanded to the district court for further proceedings consistent with this opinion. The parties will bear their own costs.

VAN DUSEN, Circuit Judge (concurring):

I agree with the majority that the court and the parties, erroneously believing jurisdiction was based on diversity of citizenship, failed to consider the question of pendent jurisdiction and that the failure of the parties to delineate their various claims created serious confusion on the merits. Under these circumstances, a remand to allow the district court to address the issue of jurisdiction and other questions is necessary.

In my view, however, the portion of the complaint set out in the first sentence of part I of the opinion (page 2) contains a sufficient allegation that

---

**12.** We should be particularly reluctant to impose our views in lieu of trial court consideration since the appropriateness of pendent jurisdiction was not briefed or argued here.

**13.** See, *e. g.,* note 11, *supra.*

there was fraud "in connection with the purchase or sale of any security." I, therefore, believe it unnecessary to consider the effect of the introduction of evidence on such issue as discussed at pages 474–475 of the opinion. Further, while the complaint fails to allege facts from which the involvement of "any means or instrumentality of interstate commerce or of the mails" can be inferred, I believe the evidence was sufficient to permit the district court on remand to determine that there was jurisdiction over the federal claim and, hence, to consider the exercise of pendent jurisdiction. See page 476 of Judge Hunter's opinion.

In all other respects, I join in Judge Hunter's opinion.