

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2009

# Philip Johnson v. State of New York

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3419

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Philip Johnson v. State of New York" (2009). *2009 Decisions.* Paper 1784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3419
_____

PHILIP JOHNSON,
Appellant

v.

STATE OF NEW YORK; CITY OF NEW YORK; N.Y. ADMINISTRATION FOR
CHILDREN'S SERVICES; N.Y. DEPARTMENT OF SOCIAL SERVICES; N.Y.
QUEENS COUNTY FAMILY COURT; POLICE DEPARTMENT OF THE CITY OF
N.Y.; BAYSIDE HIGH SCHOOL COUNSELOR, a/k/a JANE DOE; POLICE
OFFICER, a/k/a JANE DOE; POLICE OFFICER, a/k/a JOHN DOE; QUEENS
ADMINISTRATION FOR CHILDREN'S SERVICES, "case workers" a/k/a KAGAN,
POLLACK, PIERRE-LOUIS, SALINAS; POLICE OFFICER, a/k/a JOHN DOE;
NOTARY PUBLIC AND DEPUTY CLERK OF THE COURT, a/k/a ERIC
PERLMUTTER; COMMISSIONER ADMINISTRATION FOR CHILDREN'S
SERVICES, a/ka JOHN B. MATTINGLY; COMMISSIONER/CHANCELOR
OF THE BOARD OF EDUCATION, a/k/a JOHN DOE; COMMISSIONER OF
DEPARTMENT OF SOCIAL SERVICES, a/k/a Verna Eggleston; FAMILY COURT
JUDGES, a/k/a MARYBETH S. RICHROATH, a/k/a WANDA WARDLAW
MATTHEWS; LEGAL AID SOCIETY OF N.Y., "CHILDREN'S LAWYER" a/k/a
NADIA SEERATAN; "ATTORNEYS", a/k/a MARISA PRESTIANNI, a/k/a
MARGARET HUNT, a/k/a HEIDI LUNA

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-00231)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2009

Before:  RENDELL, FUENTES and NYGAARD, Circuit Judges

Filed: March 3, 2009

_____

OPINION OF THE COURT

_____

PER CURIAM

Appellant Philip Johnson appeals from an order of the District Court entered July 8, 2008, dismissing his complaint sua sponte for lack of subject matter jurisdiction. For the reasons that follow, we will vacate the order and remand the matter for further proceedings.

## I. Background

In January 2008, Johnson submitted a pro se complaint purporting to bring a civil action against the State of New York, the City of New York, and various New York city and state agencies and employees. Johnson attempted to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Johnson included as his address only a post office box. Concluding that a post office box does not establish domicile or residence for diversity jurisdiction purposes, the District Court entered a sua sponte order dismissing the complaint for lack of subject matter jurisdiction. Johnson now pursues a timely appeal to this Court.

## II. Analysis

According to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

2

We exercise plenary review over the District Court's sua sponte dismissal of the complaint for lack of subject matter jurisdiction. See SEC v. Infinity Group Co., 212 F.3d 180, 186 (3d Cir. 2000).

To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states. See 5 Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1208; see also, e.g., Schultz v. Cally, 528 F.2d 470, 472-73 (3d Cir. 1975). Here, the District Court concluded that Johnson's complaint was insufficient because he cited a Post Office Box "as the sole basis of Petitioner's domicile or residence in this matter." However, requiring Johnson to provide the "basis" of his domicile or residence holds Johnson to an unnecessarily high pleading standard. Johnson indicated on both the civil cover sheet and in the first paragraph of his complaint that he is a citizen of the State of New Jersey. The liberal notice pleading standard of Federal Rule of Civil Procedure 8(a)(1) requires only "a short and plain statement of the grounds for the court's jurisdiction," and as a pro se plaintiff, Johnson was entitled to liberal construction of his pleading. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). His allegation of New Jersey citizenship appears sufficient to survive sua sponte dismissal prior to service.

Moreover, a District Court generally should permit amendment of a complaint that is vulnerable to dismissal where a responsive pleading has not yet been filed. See Alston, 363 F.3d at 235-36; 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Moore v. Coats Co., 270 F.2d

3

410, 412 (3d Cir. 1959) ("There is ample authority to support the proposition that a complaint may be amended pursuant to Section 1653 in order to supply allegations necessary to sustain jurisdiction."). Indeed, we have indicated that federal courts have a duty to consider whether a defective jurisdictional allegation may be remedied through amendment. See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Surety Co., 177 F.3d 210, 222 n. 13 (3d Cir. 1999); Kiser v. Gen. Elec. Corp., 831 F.2d 423, 427 (3d Cir. 1987). Thus, to the extent the District Court believed that Johnson should have provided additional factual support for his claim of New Jersey citizenship, at a minimum, it should have permitted him leave to amend the complaint.

## III. Conclusion

We will vacate the District Court's order and remand the matter for further proceedings consistent with this opinion. We express no opinion as to whether subject matter jurisdiction exists in this case, based on diversity of citizenship or otherwise.

4