*762 OPINION
PER CURIAM.
Appellant Nathaniel Lawson seeks review of the District Court’s order dismissing his case for lack of subject matter jurisdiction. We conclude that the appeal does not present a substantial question and will summarily affirm the District Court’s order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
I.
In December 2005, the City of Newark (“the City”) filed a state law ejectment action against Nate’s Transportation, Inc.,[1] concerning the company’s allegedly unlawful use of City property. The New Jersey Superior Court granted summary judgment in the City’s favor and the Appellate Division affirmed. Lawson filed a “notice of removal” in the United States District Court for the District of New Jersey. In this pleading, Lawson raised claims concerning the validity of an alleged lease to use the City property at issue in the state court proceedings, and sought review of the New Jersey courts’ decisions.
The City moved to remand under 28 U.S.C. § 1447(c) or, in the alternative, to dismiss the action under Fed.R.Civ.P. 12(b)(1). The District Court determined that removal would be futile because the state proceedings had concluded. It therefore construed the removal notice as a new complaint and concluded that it lacked subject matter jurisdiction over it. Accordingly, on February 3, 2009, the District Court entered an opinion and order dismissing the action with prejudice. Lawson then filed a document entitled “reconsideration and reverse order,” which the District Court construed as a motion for reconsideration. On March 5, 2009, the District Court denied reconsideration. This pro se appeal followed.
II.
We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise de novo review over the District Court’s order dismissing Lawson’s case for lack of subject matter jurisdiction. See Met. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir.2007). We may summarily affirm if this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
Because the state court proceedings had already concluded by the time Lawson filed his notice of appeal, removal was not appropriate. See 28 U.S.C. § 1441(a) (for removal, the state court action must be “pending”); § 1446(a) (same). Generally, in a case that has been improperly removed, the District Court will remand the matter to state court, see 28 U.S.C. § 1447, and remand decisions are not typically renewable on appeal. See 28 *763 U.S.C. § 1447(d); In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 448 (3d Cir.2000). However, because there was no pending state court action capable of remand, we find no error in the District Court’s decision to construe Lawson’s pro se notice of removal as a complaint initiating a new federal action.
Federal district courts have subject matter jurisdiction over civil actions that arise (1) under the Constitution, laws or treaties of the United States (ie., federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds $75,000 (ie., diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. For purposes of federal question jurisdiction, a claim arises under federal law if it is apparent from the face of the complaint that the cause of action was created by federal law. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir.1995). For diversity jurisdiction, a complainant must plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states. See 5 Wright & Miller, Fed. Prac. & Proc. Civ.3d § 1208; see also, e.g., Schultz v. Catty, 528 F.2d 470, 472-73 (3d Cir.1975). In his initial pleading in the District Court, Lawson raised state law claims concerning the validity of a lease agreement with the City, and he disputed the state court judgments issued in the City’s favor. Even affording his pro se pleading a liberal construction, see Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003), Lawson did not raise any federal question for purposes of § 1331. Moreover, according to Lawson’s pleading, he is a citizen of the state of New Jersey. Because the City of Newark is not a citizen of a different state, Lawson did not plead diversity of citizenship for purposes of § 1332. Accordingly, Lawson did not successfully invoke the District Court’s subject matter jurisdiction.
III.
The District Court properly dismissed this matter for lack of subject matter jurisdiction. We have reviewed the record and conclude that there is no substantial question to be presented on appeal. Accordingly, we will grant the City’s motion for summary affirmance and will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Lawson’s motions for summary judgment and to supplement the District Court record are denied.

. Lawson is president of Nate's Transportation, Inc. Because only Lawson has appealed the District Court’s decision, this opinion will refer to Lawson.

. Lawson filed his notice of appeal more than 30 days after the District Court’s March 5, 2009, order disposing of his motion for reconsideration. See Fed. R.App. P. 4(a)(4)(A). However, the District Court’s prior February 3, 2009, order dismissing Lawson’s case was not “set out in a separate document’’ as required by Fed.R.Civ.P. 58(a). See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir.2006). As a result, for purposes of filing an appeal, judgment was not formally entered until 150 days after the February 3, 2009, order. See Fed.R.Civ.P. 58(c)(2)(B); LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 224-25 (3d Cir.2007). Lawson filed his pro se notice of appeal sixty-nine days after the District Court's dismissal order, and thus prior to the formal entry of judgment. The notice of appeal was timely filed, and the fact that Lawson appealed before the formal entry of judgment does not prevent us from entertaining the appeal. See LeBoon, 503 F.3d at 224, n. 5; Fed. R.App. P. 4(a)(2), 4(a)(7)(B).