CLD-237                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2414
_____

EDWARD J. MIERZWA,
                                        Appellant

v.

SAFE & SECURE SELF STORAGE, LLC; XL REINSURANCE AMERICA;
GREENWICH INS CO; DEANS AND HOMER; CRAWFORD AND COMPANY;
GOLDBERG SEGALLA, LLP; MIRANDA SAMBURSKY SLONE SKLARIN
VERVENOITIS, LLP; HENRY NEIL PORTNER, ESQ.; STEVEN S. VAHIDI, ESQ.;
DAVID S. OSTERMAN, ESQ.; SARA FANG, ESQ.; STEPHEN J. ROMANO, ESQ.;
MICHAEL MIRANDA, ESQ.; PALA PINTO
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-01274)
District Judge: Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2012

Before: RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: August 17, 2012 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Edward Mierzwa, pro se, appeals from an order of the District Court dismissing his amended complaint as frivolous and denying reconsideration of a prior order dismissing the original complaint without prejudice. For the reasons that follow, we will summarily affirm.

This action arises out of Mierzwa's insurance claim for property damage caused by a water leak at the facility where he rented a storage unit. Mierzwa filed a complaint in the District Court for the District of New Jersey against his property insurer and its parent company, the insurer's managing agent, the claims adjuster, the storage facility, and the individual attorneys and law firms that represented these defendants in Mierzwa's state court action. The complaint alleged that the insurer, "in conjunction with" the storage facility, committed insurance fraud; that the claims adjuster was not properly licensed and performed "an incomplete inspection" of Mierzwa's damaged property; and that the attorney defendants "in bad faith" filed "frivolous court papers" in the state court action, including ones containing "a myriad of false and misleading statements." According to Mierzwa, the defendants "willfully and wantonly engaged in unlawful business practices across state lines," violating the Racketeer Influenced and Corrupt Organizations Act (RICO). He alleged that defendants' "actions and inactions . . . constitute[d] a civil conspiracy, juxtaposing chain & wheel methodologies; all for the purpose of defrauding Plaintiff and the deprivation of Civil Rights upon Plaintiff." The complaint did not provide when, where, or between whom any alleged illicit agreement

2

was made; nor did it specify what conduct allegedly constituted insurance fraud, what "false and misleading statements" defendants allegedly made, how the court papers filed by the attorney defendants were allegedly frivolous, or how the defendants allegedly violated his civil rights.

In granting Mierzwa in forma pauperis status, the District Court sua sponte reviewed the complaint for frivolousness and failure to state a claim pursuant to its screening responsibilities under 28 U.S.C. § 1915(e)(2)(B). The District Court concluded that the complaint failed to raise a valid federal claim because it did not allege the existence of an enterprise or the pattern of racketeering activity required to state a civil RICO claim. The District Court further held that 28 U.S.C. § 1332(a) did not provide a basis for subject matter jurisdiction because the complaint failed to allege complete diversity of citizenship.[1] By order entered April 19, 2011, the District Court dismissed the complaint without prejudice and warned that failure to timely file an amended complaint comporting with the order would result in dismissal pursuant to § 1915(e)(2)(B)(i). Mierzwa moved for reconsideration and filed a proposed amended complaint that was essentially identical to the original complaint, adding neither

[1] Although Mierzwa cited § 1332(a) as the basis for jurisdiction, he failed to allege the citizenship of each party. Instead, the complaint provided only an address of residence in New Jersey for plaintiff and a "business address," "principal business address," or "corporate headquarters" address for each defendant. Several of these alleged business addresses are in the state of New Jersey. The District Court appears to have construed these allegations as providing that plaintiff and some of the defendants are citizens of New Jersey for jurisdictional purposes.

3

substantive allegations nor allegations to establish diversity of citizenship.[2]  By order

entered May 10, 2011, the District Court denied the motion for reconsideration,

dismissed the amended complaint as frivolous, and ordered the case closed.

Mierzwa timely appealed and was granted leave to proceed in forma pauperis.  We

have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's

dismissal pursuant to § 1915(e)(2)(B) is plenary.  See Allah v. Seiverling, 229 F.3d 220,

223 (3d Cir. 2000).  Where no substantial question is presented by the appeal, we may

summarily affirm on any ground supported by the record.  See 3d Cir. LAR 27.4; 3d Cir.

I.O.P. 10.6.

We accordingly turn to Mierzwa's amended complaint to determine if it has

pleaded enough facts to state a federal claim for relief that is plausible on its face.  See

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the Twombly

plausibility standard, a complaint must include "more than labels and conclusions"; the

"[f]actual allegations must be enough to raise a right to relief above the speculative

level."  Id. at 555.  A claim for civil RICO under 18 U.S.C. § 1962(c) must allege: "(1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  In re Ins.

Brokerage Antitrust Litig., 618 F.3d 300, 362 (3d Cir. 2010) (internal quotations

omitted).  Moreover, where the plaintiff presents a fraud-based RICO claim, he must

plead with particularity the circumstances of the alleged fraud.  See Fed. R. Civ. P. 9(b);

---

[2] Other than changing the alleged "business address" of two defendants and deleting an alleged additional office address for another defendant, Mierzwa made no changes to his original, defective jurisdictional allegations.

4

Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004), abrogated in part on other grounds by Twombly, 550 U.S. at 557.

Against these pleading requirements, we agree with the District Court that Mierzwa clearly failed to state a federal claim for relief. The facts alleged do not plausibly imply a RICO enterprise or a pattern of racketeering activity. See, e.g., In re Ins. Brokerage, 618 F.3d at 369-72 (detailing the requirements for pleading the enterprise and conduct elements of a RICO claim). Mierzwa's conclusory allegations that defendants conspired for the purpose of defrauding him are simply inadequate to plead a valid RICO claim.[3] See Twombly, 550 U.S. at 556-67; In re Ins. Brokerage, 618 F.3d at 374. Thus, Mierzwa's federal claims were properly dismissed.[4]

To the extent that Mierzwa was attempting to bring any state law claims, the District Court correctly concluded it lacked diversity jurisdiction pursuant to 28 U.S.C. §

---

[3] To the extent Mierzwa intended to bring a claim under 18 U.S.C. § 1962(d) for conspiring to violate a substantive provision of RICO, such a claim fails for the same reasons. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.").

[4] Mierzwa's complaint also cited 42 U.S.C. § 1985 as a basis for his claims against the attorney defendants and their clients. Liberally construed, the complaint appears to allege that these defendants conspired to obstruct justice in the state court action, in violation of the second clause of § 1985(2), by filing frivolous court papers. Although the District Court did not explicitly address this claim, it is easily dismissed as meritless. See Davis v. Twp. of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) (holding that a claim under the second clause of § 1985(2) requires racial or otherwise class-based, invidiously discriminatory intent); Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999) (holding that attorneys are exempt from conspiracy charges under § 1985 for actions taken in the course of representing their clients, even if the actions were unethical).

1332(a) because complete diversity of citizenship was not apparent from the pleadings.[5]

See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999) (noting that the plaintiff has the burden of pleading jurisdiction and must state each party's citizenship so that complete diversity can be confirmed); Schultz v. Cally, 528 F.2d 470, 473 (3d Cir. 1975) (holding that allegations of individual defendant attorney's business address and state of residence were insufficient to establish elements of claimed diversity jurisdiction). With no evidence in the record to indicate that the parties are actually diverse, dismissal of any remaining claims for lack of subject matter jurisdiction was appropriate. See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32 (1989) (holding that statute allowing amendment for defective allegations of jurisdiction "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves"); Wymard v. McCloskey & Co., 342 F.2d 495, 497 (3d Cir. 1965) (finding no diversity jurisdiction

---

[5] Complete diversity of citizenship requires that no plaintiff be a citizen of the same state as any defendant. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). For the limited liability company and limited liability partnership defendants, diversity jurisdiction is determined by the citizenship of each of their members. Zambelli, 592 F.3d at 420; Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 185 (3d Cir. 2008). The corporate defendants are deemed to be citizens of both their state of incorporation and the state of their principal place of business. Swiger, 540 F.3d at 182. And the natural persons are citizens of their state of domicile. Id. Mierzwa failed to plead these requisite jurisdictional facts.

where complaint lacked allegations necessary to determine citizenship and plaintiff was given opportunity to amend but stood on its original pleadings).[6]

Even construing Mierzwa's pro se amended complaint liberally and in a light most favorable to him, we are unable to divine any viable federal claims for relief or basis for diversity jurisdiction. Accordingly, we will affirm the District Court's order. In light of our decision, Appellant's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).

---

[6] Having concluded that Mierzwa failed to state any federal claims for relief, the District Court did not abuse its discretion in implicitly declining to exercise supplemental jurisdiction over any remaining claims. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).