**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3186
_____

EVERSON FRANCIS,
                                        Appellant

v.

AMANDA FELDER; PROGRESSIVE INSURANCE; HOMESITE INSURANCE;
LORENZA STEVENS; MIDDLESEX MANAGEMENT, INC; SUN VALLEY PLAZA
LLC; MURRAY HALPERN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 2-19-cv-07246 & 2-19-cv-08234)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2020

Before:  KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 5, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Everson Francis appeals the District Court's order dismissing his complaint. For the reasons discussed below, we will vacate the District Court's judgment and remand for further proceedings.

In his amended complaint, Francis alleged that he submitted claims to his insurance company, Homesite Insurance, for damage to his home caused by an overflowing toilet, two instances of identity theft, and theft of personal property.[1] Francis claims that Homesite, through its adjustor, Amanda Felder, denied each of these claims for "arbitrary and capricious" reasons. ECF No. 29 at ¶ 1. More specifically, according to Francis, Homesite improperly denied his claims without performing any investigation, knowingly misrepresented the terms of the insurance policy, failed to settle the claims when liability was clear, and made false statements in denying the claims. See id. Claiming that the District Court possessed diversity jurisdiction, Francis asserted state-law claims of breach of contract, breach of duty of good faith, and negligence, among many others.

The defendants filed a motion to dismiss, which the District Court granted. The Court observed that Francis's complaint was "lengthy, repetitious, and difficult to follow." ECF No. 49 at 3. The Court then ruled that, "[t]o the extent that this Court can

---

[1] Francis filed similar complaints in two actions, D.N.J. Civ. A. Nos. 2-19-cv-07246 & 2-19-cv-08234. The District Court consolidated the two cases under No. 19-cv-07246. Francis then filed his amended complaint (before the defendants filed a motion to dismiss), which includes all of his claims.

2

make sense of the Amended Complaint, Plaintiff's factual allegations are insufficient to support his claims." Id. Francis filed a timely notice of appeal.[2] In this Court, he has filed two motions to supplement the record.

We have jurisdiction under 28 U.S.C. § 1291. However, we have an independent obligation to assure ourselves that the District Court also possessed jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998); United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007). In his operative amended complaint, Francis asserted jurisdiction based on diversity of citizenship, see ECF No. 29 at ¶ 2, and the District Court concluded that it possessed jurisdiction on that basis, see ECF No. 49 at 1; see generally 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, "'no plaintiff may be a citizen of the same state as any defendant,' and the amount in controversy must exceed $75,000." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018) (alterations omitted) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)). Francis, as the plaintiff in this case, was required to plead the grounds for jurisdiction. See Fed. R. Civ. P. 8(a)(1); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015).

Under the record as it presently exists, we cannot determine whether the parties are entirely diverse. In Francis's operative amended complaint, he did not allege his own

---

[2] Francis also filed a motion for reconsideration, which the District Court denied. Because Francis did not file a timely new or amended notice of appeal encompassing the order denying his motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

citizenship, and he neither alleged the citizenship of the defendants nor stated that they were not citizens of his home state. See Lincoln Ben. Life Co., 800 F.3d at 107. In his initial complaint, he did allege his citizenship and that of Homesite, but stated nothing about the citizenship of defendant Amanda Felder, let alone the various defendants that he included for the first time in his amended complaint (see ECF No. 29 at ¶ 14). See Schultz v. Cally, 528 F.2d 470, 473 (3d Cir. 1975) ("Even if plaintiff had properly alleged that he is a citizen of New Jersey and that Cally is a citizen of New York, the complaint would be fatally defective for failure to allege the citizenship of defendant Purcell."). Thus, Francis's jurisdictional allegations are deficient; however, these deficiencies may be curable through amendment. See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 36 (3d Cir. 2018) (citing 28 U.S.C. § 1653). Accordingly, we will vacate the District Court's judgment and remand the case "to allow the plaintiff to [attempt to] remedy [his] inadequate allegations of diversity jurisdiction." Id.

Moreover, we note that the District Court dismissed the amended complaint on the ground that Francis's factual allegations were insufficient. Should the Court determine that it does possess jurisdiction, it should also consider whether it would be appropriate to permit Francis to amend his claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (explaining that where a complaint is subject to dismissal "for a lack of factual specificity, [plaintiff] should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint" (quoting Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985)).

4

Accordingly, we will vacate the District Court's judgment and remand for further proceedings. Francis's motion to supplement the record is denied. <u>See generally</u> <u>Burton v. Teleflex Inc.</u>, 707 F.3d 417, 435 (3d Cir. 2013).